UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

TIRA MISU,

               Plaintiff,

UNITED STATES DISTRICT COURT STATE OF;
UNITED STATES DISTRICT COURT STATE OF;
UNITED STATES DISTRICT COURT STATE OF;
UNITED STATES DISTRICT COURT STATE OF;
SUTPHIN COUNTY CIVIL COURT, JAMAICA
NEW YORK; DENNIS MALEN AND
ASSOCIATES; UNITED STATES POLICE
BENEVOLENCE ASSOCIATION; BANK OF
AMERICA; WASHINGTON MUTUAL BANK;
POINTE BANK, BOCA RATON, FLORIDA;
SUNTRUST BANK, MIAMI BEACH FLORIDA;
CHASE MANAHATAN BANK; CITIBANK,
MIAMI BEACH, FLORIDA; COMMISSIONER OF
SOCIAL SECURITY; UNITED STATES
TREASURY DEPARTMENT; AMERICAN
MEDICAL ASSOCIATION; QUEST DIAGNOSIS;
AMERICAN DENTAL ASSOCIATION; FLORIDA
CRIMINAL COURTS; BROOKE KINNERLY,
FLORIDA JUDICIAL QUALIFICATIONS
COMMISSION; UNITED STATES DEPARTMENT
OF JUSTICE; FLORIDA BANKRUPTCY COURT;
LEE COHN; STEVE AMSTER; DENISE HUARD;
DOTTIE REILLY; JOE MULLEN; JUDD LAIRD;
JULIE FINLEY; DISTRICT ATTORNEY MICHAEL
SATZ; DISTRICT ATTORNEY KATHRINE
RUNDLE FERNANDEZ; NEW YORK STATE
PUBLIC ASSISTANCE PROGRAM; CHARLES
CAMPISI; ANY/ALL MONOPOLOUS ENTITIES
IN ENTERTAINMENT ETC.,

               Defendants.
----------------------------------------------------------x

**ORDER OF DISMISSAL**
09-CV-00876 (NGG)(LB)

**GARAUFIS, United States District Judge.**

    This is Plaintiff's seventh pro se, in forma pauperis action in this court. While all of her

1

actions have been dismissed, in her two most recent actions, Plaintiff was explicitly warned against further frivolous filings. On February 19, 2009, Plaintiff filed the instant in forma pauperis Complaint naming a collection of banks, courts, Florida criminal court officials, federal agencies and private defendants.[1] Plaintiff seeks damages as well as injunctive and declaratory relief. (Compl. 2 (Docket Entry #1).) The Court grants Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order, but dismisses the Complaint for the reasons stated below.

I.   PLAINTIFF'S LITIGATION HISTORY

Plaintiff has a long litigation history.[2] By Order dated April 15, 2004, this court cautioned Plaintiff that the further filing of non-meritorious complaints requesting in forma pauperis status may result in the issuance of an order barring the acceptance of future in forma pauperis complaints without first obtaining leave of court to file. See Misu v. All Fed. Judges of the USA, et al., No. 04-CV-0480 (NGG), slip op. at 3 (E.D.N.Y. Apr. 15, 2004) (citing MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999)). This decision was affirmed by the Second Circuit by Mandate issued November 4, 2005, and the Second Circuit took the occasion to issue its own warning to Plaintiff that "future filings by plaintiff may result in the issuance by this Court of an order barring Appellant from filing papers with the Court and other appropriate sanctions." See Misu v. All Fed. Judges of the USA, et al., No. 04-4897-CV, slip op. at 1 (2d

---

[1] The court notes that the Complaint's caption lists as defendants "United States District Court State of" four times without specifying any particular states.

[2] Misu v. Off Track Betting, No. 07-CV-1529 (NGG) (dismissed May 7, 2007); Misu v. Bank of New York, et al., No. 04-CV-1165 (NGG) (dismissed Apr. 21, 2004); Misu, et al. v. All Fed. Judges of the USA, et al., No. 04-CV-0480 (NGG) (dismissed Apr. 21, 2004); Misu v Barnhart, No. 03-CV-5037 (FB) (dismissed June 1, 2004); Misu v. 11th Cir. Judges, et al., 03-CV-4735 (NGG) (dismissed Nov. 19, 2003); Misu v. Cristol, et al., 03-CV-4734 (NGG) (dismissed Nov. 19, 2003).

2

Cir. Nov. 5, 2005). Subsequently, this court denied Plaintiff's motion for a default judgment in that same closed action and echoed the Second Circuit's warning that future filings may result in the issuance of an order barring Plaintiff from filing papers with the Court and other appropriate sanctions. See Order dated Oct. 22, 2007, No. 04-CV-0480 (NGG) (Docket Entry #16).

On April 2, 2007, Plaintiff filed her sixth action in this court. By Order dated May 7, 2007, this court dismissed the action as frivolous, reiterated its warning, and cautioned Plaintiff against filing vexatious lawsuits. See Misu v. Off Track Betting, No. 07-CV-1529 (NGG), slip op. at 4 (E.D.N.Y. May 7, 2007) (citing Malley v. New York City Bd. of Educ., 112 F.3d 69 (2d Cir. 1997) (per curiam); In re Martin-Trigona, 9 F.3d 226, 227-28 (2d Cir. 1993)). In short, Plaintiff has been repeatedly warned against the filing of frivolous and vexatious lawsuits.

## II. BACKGROUND

As the instant Complaint comprises a lengthy list of transgressions, none of which is connected to facts or particular defendants, Plaintiff's Complaint is best understood by setting forth portions thereof:

> Since 1999, has suffered defamation, slander, undue duress and irrepairable [sic] punitive and compensatory damages as a result of the above listed defendants, without due dilligence [sic], a constitutional protection, by way of conspiracy, fraud, deception, money laundering, bank swindling, misuse of property, obstruction of justice, perjury to federal bankruptcy courts, forging court orders and unauthorized conversion of funds, tax evasion, harrassment [sic], and organize crime tactics which validate a crime syndicate and showing patterns of discrimination against a minority owned business and using barbaric illegal tactics to snuff the petitioner out of business by aiding and 'abedding' [sic] a human trafficking organization by way of bribes and the use of perjury.
>
> Plaintiff can prove now a diagnosed illness under the American Disabilites [sic] Act in which no court has allowed or provided proper assistance in any/all cases, civil or criminal plaintiff was ever involved in and has been denied disability benefits while the Treasury continues to aide and abet illegal gambling sydicates

3

[sic].

. . .

> Plaintiff also has evidence of notarized durable power of attorneys and no court, law entity has entitled plaintiff to her exact rights of these documents acccor[d]ing to the letter of the law. Plaintiff demands enforcement by Court order.

(Compl. 2 (capitalization modified).)

Plaintiff states that she sent carbon copies of the Complaint to "the Associated Press" and "50 Attorney Generals." (Compl. 3.) Plaintiff also attaches seven pages of documents to the Complaint regarding her name change, medical test results from 2005 and 2008, and medical diagnoses contained in letters dated 1994 and 1995. (See id.)

## III. DISCUSSION

### A. Standard of Review

In reviewing Plaintiff's Complaint, the court is mindful that the submissions of a pro se litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). Under 28 U.S.C. §1915 (e)(2)(B), however, a district court shall dismiss an in forma pauperis action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

### B. The Instant Action Is Frivolous

The instant action is frivolous. An action is deemed frivolous as a matter of law when, inter alia, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998)

4

(citations omitted).

>In Denton v. Hernandez, 504 U.S. 25 (1992), the Supreme Court noted that:
>
>>[T]he in forma pauperis statute, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

Denton, 504 U.S. at 32 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." Id.

Plaintiff's allegations, as set forth above, rise to the level of the irrational. The court therefore finds that Plaintiff's Complaint is frivolous, as it is based on an indisputably meritless legal theory. Because the claims are frivolous, this action is dismissed. 28 U.S.C. § 1915(e)(2)(B)(i).

## IV. CONCLUSION

Plaintiff's Complaint is dismissed because it is frivolous. 28 U.S.C. § 1915 (e)(2)(B)(i). Moreover, Plaintiff has not taken the court's warnings regarding filing repetitive and frivolous complaints seriously. This court will not tolerate Plaintiff's filing of baseless in forma pauperis complaints. Accordingly, Plaintiff is hereby directed to show cause, by written affirmation, within thirty days of the date of this Order, why the court should not bar the acceptance of any future in forma pauperis complaints for filing without leave of the court. 28 U.S.C. § 1651. See e.g., Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005) (noting

the "unequivocal rule in this circuit . . . that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard."); accord Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998).

If Plaintiff fails to show cause within the time allotted, she shall be barred from filing any future in forma pauperis complaints in this court without prior leave of the court. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                s/Nicholas G. Garaufis

Dated: Brooklyn, New York         Nicholas G. Garaufis
       March 6, 2009                    United States District Judge