FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 1 6 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

TIRA MISU,

        Plaintiff,

   -against-

UNITED STATES DISTRICT COURT STATE OF;
UNITED STATES DISTRICT COURT STATE OF;
UNITED STATES DISTRICT COURT STATE OF;
UNITED STATES DISTRICT COURT STATE OF;
SUTPHIN COUNTY CIVIL COURT, JAMAICA
NEW YORK; DENNIS MALEN AND
ASSOCIATES; UNITED STATES POLICE
BENEVOLENCE ASSOCIATION; BANK OF
AMERICA; WASHINGTON MUTUAL BANK;
POINTE BANK, BOCA RATON, FLORIDA;
SUNTRUST BANK, MIAMI BEACH FLORIDA;
CHASE MANHATTAN BANK; CITIBANK,
MIAMI BEACH, FLORIDA; COMMISSIONER OF
SOCIAL SECURITY; UNITED STATES
TREASURY DEPARTMENT; AMERICAN
MEDICAL ASSOCIATION; QUEST DIAGNOSIS;
AMERICAN DENTAL ASSOCIATION; FLORIDA
CRIMINAL COURTS; BROOKE KINNERLY,
FLORIDA JUDICIAL QUALIFICATIONS
COMMISSION; UNITED STATES DEPARTMENT
OF JUSTICE; FLORIDA BANKRUPTCY COURT;
LEE COHN; STEVE AMSTER; DENISE HUARD;
DOTTIE REILLY; JOE MULLEN; JUDD LAIRD;
JULIE FINLEY; DISTRICT ATTORNEY MICHAEL
SATZ; DISTRICT ATTORNEY KATHRINE
RUNDLE FERNANDEZ; NEW YORK STATE
PUBLIC ASSISTANCE PROGRAM; CHARLES
CAMPISI; ANY/ALL MONOPOLOUS ENTITIES
IN ENTERTAINMENT ETC.,

        Defendants.
-----------------------------------------------------------x

**ORDER**
09-CV-00876 (NGG) (LB)

**GARAUFIS, United States District Judge.**

On February 19, 2009, Plaintiff filed the instant in forma pauperis Complaint naming as Defendants a collection of banks, courts, Florida criminal court officials, federal agencies and private individuals. By Order dated March 6, 2009, the court dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Docket Entry #3.) That Order summarized Plaintiff's litigation history in this court[1] and the repeated warnings against the filing of frivolous and vexatious lawsuits issued by this court and the United States Court of Appeals for the Second Circuit to her; reiterated the warning that the court will not tolerate plaintiff's filing of baseless in forma pauperis complaints; and directed Plaintiff to show cause within thirty days of the date of the Order, by written affirmation, why the court should not bar the acceptance of any future in forma pauperis complaints for filing without leave of court. (See id.)

On March 23, 2009, instead of showing cause why the court should not enter a bar order, Plaintiff submitted a large box of documents containing dozens of befuddling and barely comprehensible affidavits[2] and ten blue accordion folders full of unorganized documents that do not respond to the court's Order. (Docket Entry #4.) On March 31, 2009, Plaintiff requested

---

[1] According to a recent search of the Federal Judiciary Public Access to Court Electronic Records ("PACER") Service, Plaintiff has been a party to forty-nine civil actions in the federal courts, primarily in Florida and the District of Columbia. See http://pacer/psc.uscourts.gov (last visited Dec. 2, 2008).
    Contained with submissions labeled for the instant action, Plaintiff also submitted a second motion for reconsideration in a social security action that was dismissed by this court in 2004. See Misu v. Commissioner Barnhart, No. 03-CV-5037 (FB).

[2] To illustrate, set forth below is a typical example of the approximately forty affidavits submitted by Plaintiff:
> Affidavit by Tira Misu, victim of perjury and professional malpractice witnessed DA's and judges proceed with no probable cause, no bill of particulars and with police reports deficient of the true identity of the complainant. In the first case, accuser was subpoenaed by judge for deposition and failed to appear and yet the judge issue a warrant for her arrest. In the fourth case judge Gill Freeman was made aware of an extortion attempt by Richard Douglas for 10,000 and when given the evidence the judge removed herself from the case and no criminal charges were filed against Dick Douglass.

(Pl. Aff. dated Mar. 23, 2009.)

2

additional time, not to respond to the court's Order, but "in order to prove obstruction and retaliation along with monopolous corporation snuffing Tira Misu out of business." (Docket Entry #5).) On April 8, 2009, the court received three more submissions, which request, inter alia, recusal of the Honorable Frederic Block in Plaintiff's closed social security action, disclosure of "all state and federal judges to di[s]close their history of judicial gifts over $100," objections to the routing of the mail she has submitted to the court, and more documents related to Plaintiff's health. (Docket Entries #6, 7, 8.) To the extent that Plaintiff's submissions received on March 31 and April 8 are construed as motions, they are denied.

Plaintiff's submissions in the past month have convinced the court that a bar order is the only route to staving off the flow of frivolous filings by this litigant.

Accordingly, the court orders that:

(1) Plaintiff is enjoined from filing any new in forma pauperis action in this court without obtaining leave of court; (2) the Clerk of Court is directed to return to Plaintiff, without filing, any in forma pauperis action which is received from Plaintiff without an application seeking leave to file; (3) if the court grants Plaintiff leave to file a new action, the civil action shall be filed and assigned a civil docket number; (4) if leave to file is denied, Plaintiff's submission shall be filed on the court's miscellaneous docket.

28 U.S.C. § 1651. Nothing herein shall be construed to prohibit Plaintiff from filing an appeal of this Order; however, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 15, 2009

s/Nicholas G. Garaufis
Nicholas G. Garaufis
United States District Judge